FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 04 2009

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KATHERINE WHITE**                                                 **PLAINTIFF**

V.                     CASE NO. 4:09-CV-0084 SWW

**LIFE INSURANCE COMPANY OF NORTH
AMERICA AND LOCKHEED MARTIN
CORPORATION LONG TERM DISABILITY PLAN**     **DEFENDANTS**

This case assigned to District Judge _Wright_
and to Magistrate Judge _Young_

## NOTICE OF REMOVAL

Defendants, Life Insurance Company of North America ("LINA") and Lockheed Martin Corporation Long Term Disability Plan ("Plan"), by their attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for their Notice of Removal, state:

1. On January 24, 2009, Plaintiff served on LINA the action captioned *Katherine White v. Life Ins. Co. of North America and Lockheed Martin Corp. Long Term Disability Plan,* Pulaski County, Arkansas Circuit Court No. CV09-200. A copy of the Complaint is attached hereto as Exhibit "A." No further proceedings have been had therein.

2. The above-mentioned action is a civil action in which Plaintiff seeks recovery of benefits under an employee welfare benefit plan subject to and governed by the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq. See* Complaint, ¶¶ 1-3, 7, 14, 18-20.

3. ERISA preempts the state law claims contained in Plaintiff's Complaint and provides the exclusive remedy for resolution of claims by employee benefit plans participants and beneficiaries to recover benefits under a plan. 29 U.S.C. §1132(a)(1)(B);

*see Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within Section 502(a)(1) is removable to federal court under 28 U.S.C. § 1441 as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the face of the Complaint. *AETNA Health, Inc., v. Davila*, 542 U.S. 200 (2004); *See also Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58 (1987).

4. Therefore, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to the Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b).

5. This Notice of Removal is being filed within the time period required by 28 U.S.C. § 1446(b).

6. Written notice of the filing of Notice of Removal will be given to the adverse party as required by law.

7. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Pulaski County, Arkansas, as provided by law.

WHEREFORE, Defendants respectfully remove this action from the Circuit Court for Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800

By _____
Leigh Anne Yeargan
Bar I.D. No. 93106

Attorneys for Life Insurance Company
of North America and Lockheed Martin
Corporation Long Term Disability Plan

## CERTIFICATE OF SERVICE

I, Leigh Anne Yeargan, certify that a copy of the foregoing was sent via first-class mail on this 4th day of February, 2009 to:

Mr. Leon Marks
111 Center Street, Suite 1200
Little Rock, AR 72201

_____
Leigh Anne Yeargan

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
2nd Division

FILED 01/09/09 12:18:28
Pat O'Brien Pulaski Circuit Clerk
CR11

**KATHERINE WHITE**  **PLAINTIFF**

V.  CASE NO. CV09-200

**LIFE INSURANCE COMPANY OF NORTH
AMERICA and LOCKHEED MARTIN CORPORATION
LONG TERM DISABILITY PLAN**  **DEFENDANTS**

## COMPLAINT

Comes Plaintiff, Katherine White, by and through undersigned counsel, and for her cause of action against Life Insurance Company of North America ("Lina") and the Lockheed Martin Corporation Long Term Disability Plan (the "Plan"), states:

1. This is an action on a disability insurance policy governed by the Employee Retirement Income Security Act ("ERISA").

2. Defendant Lina is a foreign corporation licensed to do business in Arkansas. The Plan is a welfare benefit plan as that term is defined in ERISA.

3. Pursuant to 29 U.S.C. Section 1132(e), this Court has jurisdiction over the subject matter of this action.

4. Plaintiff was employed by Lockheed Martin until she became unable to perform the material duties of her job or of any job. During her term of employment with Lockheed Martin, Plaintiff was a participant in the Plan.

5. The Plan was funded by an insurance policy underwritten by Lina and identified as Policy Number LK 0008348. Cigna was the claims administrator of the Plan.

1


EXHIBIT A

6. Cigna and Lina are related corporations; Lina is a wholly-owned subsidiary of Cigna.

7. Ms. White was a participant in this ERISA disability plan as a consequence of her employment with Lockheed Martin.

8. During the time that Plaintiff was an insured under the disability policy, she became unable to perform the material duties of her job or of any job.

9. Plaintiff suffered from chronic interstitial cystitis, along with fibromyalgia, low back pain, sleep disturbance, chronic fatigue syndrome and depression.

10. Plaintiff also has a history of multiple urologic procedures and surgeries prior to 2004.

11. Dr. Susan Raben-Taylor has treated Plaintiff since December 2004 for fibromyalgia and interstitial cystitis.

12. Dr. Raben-Taylor wrote a Narrative Report dated January 30, 2007, stating: "Ms. White's prognosis remains guarded at this time. The patient continues to exhibit clinical findings and symptomatology of pain in the neck, back, pelvis, and legs; difficulty sleeping; and painful urination. Ms. White has pain in the bilateral lumbosacral spine, bilateral upper trapezius muscles, mid-thoracic spine, and shoulders. She has been diagnosed with fibromyalgia, interstitial cystitis, sleep disturbance, bilateral bursitis shoulders." See Plaintiff's Exhibit # 1 attached hereto.

13. Cigna did not dispute Ms. White's diagnosis or treatment.

14. Dr. Vicki Ratner, Founder and President of the Interstitial Cystitis Association wrote a letter on behalf of Plaintiff for use in Plaintiff's claim for Social Security Disability Benefits. This letter was forwarded to Cigna for consideration in connection with Plaintiff's appeal in connection with her claim for ERISA benefits under the Plan.

2

15. Dr. Ratner informed Cigna that "Interstitial cystitis is a chronic inflammatory condition of the bladder wall. Symptoms include extreme frequency and urgency, both daytime and nighttime, and the pain in the pelvic, urethral, vaginal or penile area." See Plaintiff's Exhibit # 2.
16. Despite having received substantial evidence supporting Plaintiff's disability, Cigna denied her appeal.
17. Ms. White has exhausted her administrative remedies under the Plan.

## COUNT 1

Plaintiff incorporates the allegations contained in Paragraphs 1 through 17 as if fully stated herein and says further that:

18. Plaintiff is entitled to certain benefits under the Plan consisting of past due long term disability benefits including prejudgment interest, retroactive to the date that Cigna should have begun paying her LTD benefits under the Plan.
19. Plaintiff is entitled to the benefits under the Plan because she has satisfied all conditions to be eligible to receive the benefits.
20. Defendants have refused to make Plaintiff's benefit payments and have ignored and disregarded substantial medical and vocational evidence which supported her disability.

### COUNT 2

Plaintiff incorporates the allegations contained in Paragraphs 1 through 20 as if fully stated herein and says further that:

21. Defendant Lina, as insurer and claims' administrator of the Plan, owed a duty to Plaintiff to handle her claim in a fair and proper fashion.

22. Defendant Lina, pursuant to the provisions of the Plan and in accordance with ERISA, had the duty to do a full and fair review of Plaintiff's claim. Lina has breached its fiduciary duty by failing to do a full and fair review.

23. Lina further breached its fiduciary duties by rendering a decision that was in conflict with the medical evidence submitted to it, causing it to render a decision that was contrary to the reasonably correct interpretations of the Plan and evidence submitted.

### COUNT 3

Plaintiff incorporates the allegations contained in Paragraphs 1 through 23 as if fully stated herein and says further that:

24. Plaintiff requests that the Court enter a Declaratory Judgment adjudging her entitlement to benefits under the Plan so long as she meets the definition of disability under the Plan.

### DAMAGES

25. Plaintiff is entitled to the back benefits owed to her plus prejudgment interest.

26. Plaintiff is entitled to attorney's fees.

27. Plaintiff is entitled to damages because of Defendants' breach of fiduciary duties.

4

WHEREFORE, Plaintiff, Katherine White, prays that she have judgment against Defendants for back benefits owed to her plus interest, for breach of fiduciary duties, for attorneys' fees and costs, and for all other relief to which she may be entitled.

Respectfully submitted,

Leon Marks, P.A.
111 Center Street
Suite 1200
Little Rock, AR 72201
(501) 978-3131
LMarks5080@aol.com

By: _____
Leon Marks (Ark. Bar # 76-175)

Susan Raben-Taylor, M.D.
4125 E. Mission Suite 2
Fayetteville, AR 72701



## NARRATIVE REPORT

Patient: Katherine D. White
S.S.#: 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
DOB: 10/22/1965

To Whom It May Concern:

Ms. White has been my patient since December of 2004, and she continues to be seen as necessary for fibromyalgia and interstitial cystitis. Ms. White's prognosis remains guarded at this time. The patient continues to exhibit clinical findings and symptomatology of pain in the neck, back, pelvis, and legs; difficulty sleeping; and painful urination. Ms. White has pain in the bilateral lumbosacral spine, bilateral upper trapezius muscles, mid-thoracic spine, and shoulders. She has been diagnosed with fibromyalgia, interstitial cystitis, sleep disturbance, bilateral bursitis shoulders.

I previously assessed that in an 8-hour workday, Ms. White was able to sit 2 hours total and stand/walk 2 hours total; this remains an accurate reflection of her capacity. Ms. White also continues to be limited to only occasionally lift or carry up to 10 pounds. The patient continues to have depressive symptoms that contribute to her symptoms and limitations with intolerance of more than low stress. In my best medical opinion, Ms. White would be absent from work more than three times a month as a result of her impairments and treatment. Other limitations that interfere with Ms. White's ability to work at a regular job on a sustained basis are no pushing and no pulling.

The above symptoms and limitations have been present since prior to when Ms. White came under my care in December of 2004.

Should you need any further information, please do not hesitate to contact my office.

Sincerely,

Susan Raben-Taylor, M.D.

Date: 1/30/07

— Katherine White v. LINA
Plaintiff's Exhibit #1

# Interstitial Cystitis Association
Patients, Researchers, Caregivers ○ *Putting the Pieces Together*

*Founder & President*
Vicki Ratner, MD

Katherine White
19943 Rio Villa Drive
Houston, TX 77049

Social Security Number: ___-__-____

To Whom It May Concern:

This letter is regarding the Claim of Social Security Disability Benefits for Katherine White, 19943 Rio Villa Drive, Houston, TX 77049. The enclosed package will provide you and your medical advisor with some detailed background information about interstitial cystitis (IC), should the disease and its effects be unfamiliar to you.

Interstitial cystitis is a chronic inflammatory condition of the bladder wall. Symptoms include extreme frequency and urgency, both daytime and nighttime, and pain in the pelvic, urethral, vaginal or penile area. The cause of IC has yet to be determined and there is no cure. It is very important to note that IC is not a psychosomatic disorder, nor is it caused by stress. While several IC symptoms mimic those of a common urinary tract infection, IC is not caused by bacteria and does not respond to conventional antibiotic therapy.

While a Ruling for IC was established by the Social Security Administration in 2002, IC is not yet one of the disorders contained in the Social Security Administration Listing of Impairments. The Interstitial Cystitis Association requested a panel of four urologists in 1997 to compare the findings of IC, the side effects of IC treatments, and diagnostic tests for IC that are compatible with findings, side effects, and diagnostics tests for Impairment mentioned in the Listing of the Social Security Administration.[1]

Our panel of urologists studied the SSA Listing of Impairments and identified criteria of the Listing that compare with signs, symptoms, and laboratory findings they have seen in their population of patients. They also identified functional limitations that occur in many IC patients. Appendix A shows the comparisons made between IC and listed impairments, and Appendix B shows the functional limitations the panel doctors often encounter in IC patients. While not every IC patient presents with all of the symptoms and functional limitations identified here, these appendices will help to acquaint you with the potential seriousness and debilitating nature of IC.

In the summer of 2000, a senior-level delegation from the ICA led by one of its Medical Advisory Board Members, Robert Evans, MD, visited the headquarters of the SSA in Baltimore, MD. As a result of this visit, the SSA began to formulate language which led to the Ruling and may result in a Listing being issued on IC in the near future.

An epidemiological study sponsored by the National Institutes of Health (NIH) and the Urban Institute in Washington DC found that, in addition to the severe limitations on workability, people with IC have an

---

110 North Washington Street ○ Suite 340 ○ Rockville, Maryland 20850
http://www.ichelp.org ○ Telephone: (301) 610-5300 ○ Fax: (301) 610-5308
Participating Agency of the Combined Federal Campaign, Agency #1720

— Plaintiff's Exhibit #2 —

overall quality of life lower than the average rating given to kidney dialysis patients. As a result of the disease, IC patients often suffer severe depression, thinking of suicide three to four times more often than members of the general population. 63% of IC patients experience pain with intercourse, some so severe that patients have to abstain from all sexual activity. Over 25% of IC patients reported no help from any individual treatment. Another finding was that fully 50% of patients cannot work full time. Medical costs and lost wages for IC victims total more than $1.7 billion per annum. [2]

We hope that the enclosed information is helpful to you when making a decision in the present case, and thank you for taking the time to read the detailed information contained in this letter.

Sincerely yours,

*[signature]*

Vicki Ratner, MD
ICA President & Chief Medical Officer

cc: Katherine White

(1) Robert Evans, MD, Tannenbaum Urologic Associates, Greensboro, NC
Robert Moldwin, MD, Chief, Infectious and Inflammatory Urologic Diseases, Long Island Jewish Medical Center, New Hyde Park, NY
Phillip Mosbaugh, MD, G.U. Surgeons, Indianapolis, IN
Kristene Whitmore, MD, Chief, Division of Urology, Graduate Hospital, Phliadelphia, PA

(2) Held PJ, Hanno PM, Wein AJ, et al: Epidemiology of interstitial cystitis: 2. In Hanno P, Staskin DR, Krane RJ, et al (eds): Interstitial Cystitis. New York, Springer-Verlag, 1990.

Multiple claims. If a complaint asserts multiple claims which involve different subject matter divisions of the circuit court, the cover sheet for that division which is most definitive of the nature of the case should be selected and completed.

# COVER SHEET
## STATE OF ARKANSAS
## CIRCUIT COURT: CIVIL

To Save a copy of this form to your computer, please click the disk icon on the toolbar above.

The civil reporting form and the information contained herein shall not be admissible as evidence in any court proceeding or replace or supplement the filing and service of pleadings, orders, or other papers as required by law or Supreme Court Rule. This form is required pursuant to Administrative Order Number 8. Instructions are located on the back of the form.

**FILING INFORMATION**

County: PULASKI    District: ____    Docket Number: CV 09-200

Judge: Piazza    Division: 2nd    Filing Date: ____

Plaintiff: Katherine White    Defendant: Life Ins. Co. of North America + Lockheed Martin LTD Plan

Attorney Providing Information: Leon Marks    Address: 111 Center Street, Suite 1200, Little Rock, AR 72201
☒ Plaintiff  ☐ Defendant  ☐ Intervenor

Litigant, if Pro Se: ____

Related Case(s): Judge ____    Case Number(s) ____

**Type of Case:**

*Torts*
- ☐ (NM) Negligence: Motor Vehicle
- ☐ (NO) Negligence: Other
- ☐ (BF) Bad Faith
- ☐ (FR) Fraud
- ☐ (MP) Malpractice
- ☐ (PL) Product Liability
- ☐ (OD) Other ____

*Contracts*
- ☒ (IS) Insurance
- ☐ (DO) Debt: Open Account
- ☐ (PN) Debt: Promissory Note
- ☐ (EM) Employment
- ☐ (OC) Other ____

*Equity*
- ☐ (FC) Foreclosure
- ☐ (QT) Quiet Title
- ☐ (IJ) Injunction
- ☐ (PT) Partition
- ☐ (OT) Other ____

*Miscellaneous*
- ☐ (CD) Condemnation
- ☐ (RE) Replevin
- ☐ (DJ) Declaratory Judgment
- ☐ (UD) Unlawful Detainer
- ☐ (IN) Incorporation
- ☐ (EL) Election
- ☐ (FJ) Foreign Judgment
- ☐ (WT) Writs ____
- ☐ (AA) Administrative Appeal
- ☐ (CF) Property Forfeiture
- ☐ (RD) Remove Disabilities
- ☐ (NC) Name Change
- ☐ (OM) Other ____

Jury Trial Requested: ☒ Yes ☐ No    Manner of Filing: ☒ Original ☐ Re-open ☐ Transfer ☐ Return from Federal/Bankruptcy Court

**DISPOSITION INFORMATION**

Disposition Date: ____    ☐ Bench Trial  ☐ Non-Trial  ☐ Jury Trial

**Judgment Type:**
- ☐ (DJ) Default Judgment
- ☐ (SJ) Summary Judgment
- ☐ (CJ) Consent Judgment
- ☐ (TJ) Trial Judgment
- ☐ (OJ) Other Judgment
- ☐ (PG) Petition Granted
- ☐ (PD) Petition Denied
- ☐ (DF) Decree of Foreclosure

**Dismissal Type:**
- ☐ (DW) Dismissed with Prejudice
- ☐ (DN) Dismissed without Prejudice

**Other:**
- ☐ (TR) Transferred to Another Jurisdiction
- ☐ (RB) Removed to Bankruptcy Court
- ☐ (RF) Removed to Federal Court
- ☐ (AR) Arbitration

**Judgment For:**
☐ Plaintiff  ☐ Defendant  ☐ Both    Judgment Amount: $ ____

Clerk's Signature ____    Date ____

AOC 23  10-01
625 Marshall Street
Little Rock, AR 72201

Send 1 paper or electronic copy to AOC upon filing.
Send 1 paper or electronic copy to AOC upon disposition.
Keep original in court file.

**Effective 1-1-2002**